UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D.G. SWEIGERT, | |
| Plaintiff, | |
| v. | Civil Action No. 24-0646 (TNM) |
| U.S. AIR FORCE, et al., | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS..............................................................................................................i

TABLE OF AUTHORITIES .....................................................................................................ii

FACTUAL AND PROCEDURAL BACKGROUND................................................................ 1

LEGAL STANDARDS ............................................................................................................. 2

ARUGMENT ............................................................................................................................ 4

      I.      Defendant Benassi Is Not a Proper Party in this FOIA Action.............................. 4

      II.     Plaintiff Failed to Exhaust His Administrative Remedies with the National
              Institutes of Health and the Department of Justice. ................................................ 5

CONCLUSION....................................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page**

*Ahmed v. Fed. Bureau of Prisons*,
   Civ. A. No. 19-1189 (CJN), 2021 WL 2459989 (D.D.C. Mar. 18, 2021) .............................. 2

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................... 3

*Antonelli v. Fed. Bureau of Prisons*,
   591 F. Supp. 2d 15 (D.D.C. 2008) ............................................................................ 4, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 2, 3

*Atherton v. D.C. Off. of Mayor*,
   567 F.3d 672 (D.C. Cir. 2009) ................................................................................... 2

*Brown v. Dep't of Just.*,
   742 F. Supp. 2d 126 (D.D.C. 2010) ............................................................................ 4.

*Carbe v. ATF*, Civ. A. No. 03-1658
   Civ. A. No. 03-1658 (RMC), 2004 WL 2051359 (D.D.C. Aug. 12, 2004) ...................... 8, 9

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................... 3

*Crisafi v. Holland*,
   655 F.2d 1305 (D.C. Cir. 1981) ................................................................................. 2

*Davis v. FBI*,
   767 F. Supp. 2d 201 (D.D.C. 2011) ............................................................................ 5

*Fox v. Strickland*,
   837 F.2d 507 (D.C. Cir. 1988) ............................................................................... 1, 2

*Hidalgo v. FBI*,
   344 F.3d 1256 (D.C. Cir. 2003) ................................................................................. 6

*Jean-Pierre v. Fed. Bureau of Prisons*,
   880 F. Supp. 2d 95 (D.D.C. 2012) ............................................................................. 5

*Kolbusz v. FBI*,
   Civ. A. No. 017-0319 (EGS/GMH), 2021 WL 1845352 (D.D.C. Feb. 17, 2021) .................. 6

*Larson v. Dep't of State*,
565 F.3d 857 (D.C. Cir. 2009) ............................................................... 4

*Lasko v. Dep't of Just.*,
684 F. Supp. 2d 120 (D.D.C. 2010) ....................................................... 5

*Martinez v. Bureau of Prisons*,
444 F.3d 620 (D.C. Cir. 2006) ............................................................... 5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986) .............................................................................. 4

*Ning Ye v. Holder*,
624 F. Supp. 2d 121 (D.D.C. 2009) ..................................................... 7-8

*Oglesby v. Dep't of Army*,
920 F.2d 57 ........................................................................................... 6

*Papasan v. Allain*,
478 U.S. 265 (1986) .............................................................................. 3

*Pinson v. Dep't of Just.*,
69 F. Supp. 3d 108 (D.D.C. 2014) ..................................................... 6, 7

*Roum v. Bush*,
461 F. Supp. 2d 40 (D.D.C. 2006)(B) ................................................... 5

*Schoenman v. FBI*,
Civ. A. No. 042202 (CKK), 2006 WL 1126813 (D.D.C. Mar. 31, 2006) ......................... 7, 8

*Steinberg v. Dep't of Just.*,
23 F.3d 548 (D.C. Cir. 1994) ................................................................ 4

*Tao v. Freeh*,
27 F.3d 635 (D.C. Cir. 1994) ................................................................ 3

*Trupei v. Bureau of Customs & Border Prot.*,
Civ. A. No. 07-0475 (PLF), 2008 WL 249878 (D.D.C. Jan. 29, 2008) ......................... 5, 7, 8

*Wilbur v. CIA*,
355 F.3d 675 (D.C. Cir. 2004) .............................................................. 6

## Statutes, Regulations, Rules, and Other Authorities

5 U.S.C. § 552 ..................................................................................... 5

Fed. R. Civ. P. 56 ................................................................................................... 3, 1

Fed. R. Civ. P. 12 ................................................................................................... 1, 2, 3

Defendants, by and through undersigned counsel, respectfully submit this memorandum of points and authorities in support of Defendants' partial motion to dismiss or, in the alternative, for summary judgment.  Plaintiff D.G. Sweigert ("Plaintiff") purportedly submitted Freedom of Information Act ("FOIA") requests to several different federal agencies, including, but not limited to, the National Institutes of Health and the Department of Justice.

As explained further below, because Plaintiff brings this action under FOIA, Air Force Civilian Employee Matthew Benassi is not a proper Defendant in this matter.  Also, Plaintiff's allegations pertaining to the National Institutes of Health and the Department of Justice should be dismissed because Plaintiff failed to exhaust his administrative remedies.  Accordingly, the Court should dismiss all claims against Air Force Civilian Employee Matthew Benassi, the National Institutes of Health, and the Department of Justice.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendants respectfully refer the Court to the enclosed "Statement of Material Facts as To Which There Is No Genuine Issue" for the factual and procedural background of this FOIA case.

Most relevant here, however, Plaintiff alleges that he submitted a FOIA request to the National Institutes of Health and the Department of Justice.[2]  *See* Compl. (ECF No. 1) at 1, 10, 11. The National Institutes of Health attests that it has no evidence that it received the purported FOIA request mentioned on page 10 of Plaintiff's Complaint.  *See generally* Declaration of Gorka Garcia-Malene ("Garcia-Malene Decl."). Further, in terms of the FOIA request to the Department of Justice, the Office of Information Policy issued a final response to Plaintiff's FOIA request on

---

[2]    Plaintiff does not identify the FOIA request submitted to the Department of Justice; however, based on the topic discussed in Plaintiff's Complaint (*see* Compl. (ECF No. 1) at 11), the Department of Justice, Office of Information Policy, was able to locate a FOIA request that apparently references the same topic mentioned in the Complaint. Compare FOIA Request (Ex. B annexed to Brinkmann Decl.) *with* Compl. (ECF No. 1) at 11.

September 17, 2021. Declaration of Vanessa R. Brinkmann ("Brinkmann Decl.") ¶ 6.  In the final

response, the Office of Information Policy included clear instructions regarding appeal rights.  *Id.*

To date, Plaintiff has not appealed the Office of Information Policy's final response.  *Id.* ¶ 7.

       Plaintiff originally filed this suit against several federal agencies and an Air Force Civilian

Employee, on January 15, 2024, in the United States District Court for the Southern District of

Indiana and the case was eventually transferred to this Court.  *See generally* Compl. (ECF No. 1);

Transfer Order (ECF No. 12).  Defendants now move to partially dismiss the Complaint or, in the

alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.[3]

## LEGAL STANDARDS

### I.    Rule 12(b)(6)

       Pro se complaints "must be held to less stringent standards than formal pleadings drafted

by lawyers[,]" but the plaintiff still "must plead 'factual matter' that permits the court to infer

'more than the mere possibility of misconduct.'"  *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672,

681-82 (D.C. Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)); *see also Ahmed v.*

*Fed. Bureau of Prisons*, Civ. A. No. 19-1189 (CJN), 2021 WL 2459989, at *2 (D.D.C. Mar. 18,

2021).  In other words, a "pro se complaint, like any other, must present a claim upon which relief

can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

       Under Rule 12(b)(6), the Court may dismiss a complaint where a plaintiff fails to state a

claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[3]     Defendants simultaneously filed a motion to stay the remaining Defendants' deadline to respond to the Complaint until three weeks after the Court resolves this Motion or after the Air Force and the Coast Guard Defendants complete their response to Plaintiff's FOIA requests, whichever one comes first.

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 678.  However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## II.    Summary Judgment Standard.

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.

The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact.  *Id.*  Once the moving party has met its burden, the nonmoving part may not rest upon the mere allegations or denials of his pleading but must instead establish more than "the mere existence of a scintilla of evidence" in support of his position.  *Id.*  Thus, summary judgment is appropriate if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]."  *Id.*  When determining whether a genuine issue of material fact exists,

the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in a light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with FOIA. *Steinberg v. Dep't of Just.*, 23 F.3d 548, 551 (D.C. Cir. 1994). The court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations "describe the justifications for nondisclosure with reasonably specific detail… and are not controverted by either contrary evidence in the record, nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). A plaintiff "cannot rebut the good faith presumption" afforded to an agency's supporting affidavits "through purely speculative claims about the existence and discoverability of other documents." *Brown v. Dep't of Just.*, 742 F. Supp. 2d 126, 129 (D.D.C. 2010).

## ARUGMENT

The Court should dismiss the individually named defendant Matthew Benassi (an Air Force civilian employee) because he is not a proper party and all claims brought against the National Institutes of Health and the Department of Justice because Plaintiff failed to exhaust his administrative remedies with these two agencies.

## I.    Defendant Benassi Is Not a Proper Party in this FOIA Action.

The Court should dismiss Air Force Civilian Employee Benassi because he is not a proper party in this FOIA matter.  The federal agency is the proper defendant in a FOIA suit. Consequently, neither the agency head, other agency officials, or individuals are proper parties to a FOIA suit. *See Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 19 n. 3 (D.D.C.

2008) (dismissing the Office of Information Policy as a party because FOIA only authorizes actions against federal agencies); *see also, e.g.*, *Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming decision to dismiss FOIA claim against individuals; the FOIA statute concerns "the obligations of agencies as distinct from individual employees in those agencies"). If an improper party defendant is named, the Court may dismiss the action against those defendants, as is typically done when state agencies or individuals who are not proper FOIA defendants are sued. *See Jean-Pierre v. Fed. Bureau of Prisons*, 880 F. Supp. 2d 95, 100-01 (D.D.C. 2012); *see also, e.g., Lasko v. Dep't of Just.*, 684 F. Supp. 2d 120, 125 n. 1 (D.D.C. 2010). Accordingly, the only proper party for a FOIA lawsuit is the federal agency and, as such, Air Force Civilian Employee Benassi should be dismissed from this matter.

## II.    Plaintiff Failed to Exhaust His Administrative Remedies with the National Institutes of Health and the Department of Justice.

Plaintiff failed to exhaust his administrative remedies with the National Institutes of Health and the Department of Justice and thus, the Court should dismiss all claims against these defendants.

To prevail in this FOIA matter, Plaintiff first must establish that he made a FOIA request in accordance with the published rules for the agency from which he seeks the records. *See* 5 U.S.C. § 552(a)(3)(A); *Davis v. FBI*, 767 F. Supp. 2d 201, 204 (D.D.C. 2011). Plaintiff then must prove that the agency improperly withheld records in response to that request. *See* 5 U.S.C. § 552(a)(4)(B); *Roum v. Bush*, 461 F. Supp. 2d 40, 47 (D.D.C. 2006) (citing 5 U.S.C. § 552(a)(4)(B)) (noting that federal courts have jurisdiction to order the production of agency records only after the agency has "denied" the plaintiff's request for records). "It therefore follows that an agency's FOIA obligations are not triggered until a request has been received." *Trupei v. Bureau of Customs & Border Prot.*, Civ. A. No. 07-0475 (PLF), 2008 WL 249878, at *1 (D.D.C.

Jan. 29, 2008).  "As such, if an agency never received a plaintiff's FOIA request in accordance

with its published rules, the agency is entitled to summary judgment as a matter of law."  *Pinson*

*v. Dep't of Just.*, 69 F. Supp. 3d 108, 114 (D.D.C. 2014) ("Because there is no genuine dispute that

Treasury did not receive a FOIA request from the plaintiff, the Court will grant Treasury's motion

for summary judgment." (cleaned up; quoting *Barouch v. Dep't of Just.*, 962 F. Supp. 2d 30, 48

(D.D.C. 2013)).

It is settled law that prior to seeking relief in federal court, a plaintiff must exhaust the

administrative remedies available under the FOIA.  *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62

(D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of

administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and

internal quotation marks omitted).  A FOIA requester fails to exhaust administrative remedies

whenever the requester does not comply with the administrative process set forth under FOIA and

agency regulations, including when the agency never received a plaintiff's FOIA request or there

is a failure to administratively appeal an adverse determination on a FOIA request.  *Hidalgo v.*

*FBI*, 344 F.3d 1256, 1258-60 (D.C. Cir. 2003); *see also Pinson*, 69 F. Supp. 3d at 114.  As the

D.C. Circuit has explained, exhaustion is necessary so that an agency may function efficiently and

so that it may have an opportunity to correct its own errors, to afford the parties and the courts the

benefit of its experience and expertise, and to compile a record which is adequate for judicial

review.  *See Oglesby*, 920 F.2d at 61. "If the requester fails to exhaust administrative remedies

before filing suit, a court can dismiss the complaint or grant summary judgment for the agency."

*Kolbusz v. FBI*, Civ. A. No. 017-0319 (EGS/GMH), 2021 WL 1845352, at *7 (D.D.C. Feb. 17,

2021), *R. & R. adopted*, 2023 WL 2072481 (D.D.C. Feb. 17, 2023) (citations omitted).  "Failure

to exhaust administrative remedies is not a mere technicality, and a court must decline to decide the merits of an unexhausted FOIA claim[.]" *Id.* (citations omitted).

In terms of the National Institutes of Health, the National Institutes of Health attests that it has no record of receiving Plaintiff's purported FOIA request mentioned on page 10 in Plaintiff's Complaint. *See generally* Garcia-Malene Decl. After receiving notification of Plaintiff's Complaint (ECF No. 1), the National Institutes of Health searched its database using Plaintiff's last name to determine whether it received Plaintiff's purported FOIA request. Also, using the Plaintiff's last name, the National Institutes of Health searched the declarant's email box, the National Institutes of Health's FOIA email box, the email box of federal employee Roger Bordine, the administrative person and public face of the office, and spam folders. *Id.* ¶¶ 7-8. The searches yielded no results for the purported FOIA request mentioned on page 10 of Plaintiff's Complaint. *Id.* ¶¶ 8, 10.

Because the National Institutes of Health has not received Plaintiff's purported FOIA request, at the summary judgment stage, Plaintiff bears the burden of demonstrating a genuine dispute as to the receipt of his FOIA request by the agency. *See Schoenman v. FBI*, Civ. A. No. 04-2202 (CKK), 2006 WL 1126813, at *13 (D.D.C. Mar. 31, 2006). When, as here, an agency offers a declaration stating that a search of its records failed to unearth any evidence of having received a specified FOIA request from the plaintiff, the agency's declaration is entitled to "a presumption of good faith." *Trupei*, 2008 WL 249878, at *1 (citation omitted). "In response to such a declaration, the plaintiff must provide something more than his own declaration to create a genuine issue of material fact as to the agency's receipt of the FOIA request." *Pinson*, 69 F. Supp. 3d at 114-15 (granting summary judgment to the defendant in a case in which the agency offered a declaration attesting that it had no record of receiving the FOIA request and the plaintiff offered

7

no contradictory evidence that he submitted a request in accordance with the agency's rules or that the agency actually did receive the request); *see also, e.g., Ning Ye v. Holder*, 624 F. Supp. 2d 121, 124 (D.D.C. 2009) (dismissing claim when the plaintiff offered a letter from FedEx stating that a "M. Parris" signed for a certain parcel because the letter failed to "identify the shipper, the addressee, the parcel, or the relationship between 'M. Parris' and the unknown addressee"); *Antonelli*, 591 F. Supp. 2d 15, 21, 26 (D.D.C. 2008) (granting the government's motion for summary judgment when the plaintiff only attached a copy of an "identical letter" that he allegedly sent to the Bureau of Prisons); *Trupei*, 2008 WL 249878, at *1 (dismissing complaint when the plaintiff only alleged that on a certain date, "he 'deposited' his FOIA request . . . into 'the institutional mail-box' at [his prison]"); *Schoenman*, 2006 WL 1126813, at *10, *13 (granting summary judgment for the government when the plaintiff's attorney offered a declaration stating that he mailed the plaintiff's FOIA request but failed to provide a "a copy of a stamped envelope showing the mailing of the request or a returned receipt certifying the actual receipt of the request by the agency"); *Carbe v. ATF*, Civ. A. No. 03-1658 (RMC), 2004 WL 2051359, at *1, *8 (D.D.C. Aug. 12, 2004) (granting summary judgment for the government when the plaintiff only attached a copy of his FOIA request and attested that he mailed It to the government).  As the above cases in this jurisdiction illustrate, a requester cannot establish the existence of a genuine fact dispute merely by offering a sworn statement or other evidence in support of a claim that the requester submitted a request by mail or email.  Instead, the requester must offer evidence that creates a genuine dispute on the question of whether the agency actually received the request.  Accordingly, unless Plaintiff meets his burden, there is no genuine dispute of material fact that the National Institutes of Health did not receive Plaintiff's purported FOIA Request mentioned on page 10 of his Complaint and thus, Plaintiff failed to exhaust his administrative remedies.

Further, in terms of the Department of Justice, in response to Plaintiff's FOIA request, dated August 17, 2021, the Office of Information Policy provided a final response to Plaintiff's FOIA request on September 17, 2021, Request No. FOIA-2021-01976. Brinkmann Decl. ¶ 6. In the response, the Office of Information Policy informed Plaintiff that a search had been conducted, ten responsive pages were located, and all ten pages would be released to Plaintiff with certain withholdings made pursuant to FOIA Exemption 6. *Id.* The Office of Information Policy also informed Plaintiff that to the extent the FOIA request is seeking records concerning criminal indictments or prosecution referrals related to Larry Klayman, neither the Office of Information Policy nor any of the Office of Information Policy's client offices would typically maintain such records and further informed Plaintiff to direct this portion of the FOIA request to the Executive Office for United States Attorneys. *Id.* Finally, the Office of Information Policy's final response letter included clear instructions regarding appeal rights. *Id.* To date, the Office of Information Policy has no record of receiving an administrative appeal from Plaintiff regarding Office of Information Policy's response to Plaintiff's FOIA request, Request No. FOIA-2021-01976. *Id.* ¶ 7. Prior to filing this FOIA case, Plaintiff did not administratively appeal the Office of Information Policy's response and therefore, Plaintiff failed to exhaust their administrative remedies.

Accordingly, both the National Institutes of Health and the Department of Justice should be dismissed from this matter.

\*    \*    \*

9

## CONCLUSION

For the reasons set forth above, Defendants respectfully requests that the Court enter judgment in its favor and dismiss all claims against Matthew Benassi, the National Institutes of Health, and the Department of Justice.

The only FOIA claims that remain are those brought against the Air Force, the Department of Homeland Security, and the Coast Guard.

Dated: April 30, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/Stephanie R. Johnson*
    STEPHANIE R. JOHNSON
    D.C. Bar # 1632338
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*