UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVE SWEIGERT,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>      Defendants. | Civil Action No. 24-0646 (TNM) |

**DEFENDANT'S MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT THEREOF**

**TABLE OF CONTENTS**

Table of Contents ..................................................................................................................... i

Table of Authorities ................................................................................................................. ii

Background .............................................................................................................................. 1

Legal Stanadrds ....................................................................................................................... 2

Argument ................................................................................................................................. 3

    I.    Any Claims Against the Department are Moot .......................................................... 3

    II.    Plaintiff Fails To Sufficiently Plead a FOIA Claim Against the Department ........ 4

Conclusion ............................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                       **Page**

*Ahmed v. Fed. Bureau of Prisons*,
  Civ. A. No. 19-1189 (CJN), 2021 WL 2459989 (D.D.C. Mar. 18, 2021) ................................ 3

*Am. Nat'l Ins. Co. v. FDIC*,
  642 F.3d 1137 (D.C. Cir. 2011) .............................................................................................. 2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................ 2, 3

*Atherton v. D.C. Off. of Mayor*,
  567 F.3d 672 (D.C. Cir. 2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 2, 4

*Crisafi v. Holland*,
  655 F.2d 1305 (D.C. Cir. 1981) .............................................................................................. 3

*Fox v. Strickland*,
  837 F.2d 507 (D.C. Cir. 1988) ................................................................................................ 1

*Herbert v. Nat'l Acad. of Scis.*,
  974 F.2d 192 (D.C. Cir. 1992) ................................................................................................ 2

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................................................ 2

*Papasan v. Allain*,
  478 U.S. 265 (1986) ................................................................................................................ 3

*Porzecanski v. Azar*,
  943 F.3d 472 (D.C. Cir. 2019) ................................................................................................ 4

*Thomas v. Principi*,
  394 F.3d 970 (D.C. Cir. 2005) ................................................................................................ 2

**Statutes, Regulations, Rules, and Other Authorities**

6 C.F.R. § 5.1 .................................................................................................................................. 3

Fed. R. Civ. P. 8 ............................................................................................................................. 4

Fed. R. Civ. P. 12 ....................................................................................................................... 2, 4

Defendant Department of Homeland Security ("Defendant" or the "Department"), by and through undersigned counsel, respectfully moves to dismiss any and all claims against the remaining defendant, the Department, pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6).[1]

## BACKGROUND

Plaintiff Dave Sweigert ("Plaintiff"), proceeding *pro se*, brings this action under the Freedom of Information Act ("FOIA"). *See generally* Compl. (ECF No. 1). Plaintiff purportedly submitted FOIA requests to several different federal agencies, including the National Institutes of Health, the Department of Justice, the U.S. Air Force ("Air Force"), and the U.S. Coast Guard. *Id.*

The government previously filed a partial motion to dismiss or, in the alternative, for summary judgment, requesting dismissal of all claims against Defendants Matthew Benassi, the National Institutes of Health, and the Department of Justice. *See generally* Mot. (ECF No. 18). The government's motion was uncontested. On February 19, 2025, the Court granted the government's partial motion and dismissed without prejudice all claims against Matthew Benassi, the Department of Justice, and the National Institute of Health. *See* Order (ECF No. 32).

Further, after the U.S. Coast Guard and the Air Force completed production and released all non-exempt information, the parties stipulated to voluntarily dismiss with prejudice all claims against the U.S. Coast Guard and the Air Force. *See* Stips. of Dismissal (ECF Nos. 24, 29); *see also* Nov. 29, 2024, and Jan. 28, 2025, Min. Orders.

---

[1] Plaintiff is advised that his remaining claims may be dismissed if he fails to respond in a timely manner. *See Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988); *see also* LCvR 7(b). Pursuant to Local Civil Rule 7(b), a memorandum of points and authorities in opposition to the motion is due within fourteen days of the date of service or at such other time as the Court may direct.

The only remaining Defendant in this matter is the Department of Homeland Security. The Department now moves to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6).

## LEGAL STANDARDS

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction. *See Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether it sets forth sufficient factual allegations to support a plaintiff's claims for relief.

Although pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers[,]" plaintiff still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see also Ahmed v. Fed. Bureau of Prisons*, Civ. A. No. 19-1189 (CJN), 2021 WL 2459989, at *2 (D.D.C. Mar. 18, 2021). In other words, a "pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

**ARGUMENT**

The Complaint, as it relates to the Department, merely alleges that the U.S. Coast Guard is a component of the Department. *See* Compl (ECF No. 1) at 3. As discussed further below, the Court should dismiss any and all claims against the Department for two reasons. First, because Plaintiff dismissed all claims with prejudice against the U.S. Coast Guard (*see* Stip. to Dismiss (ECF No. 24)), any claims against the Department are now moot. Second, Plaintiff fails to state a claim for relief against the Department because Plaintiff fails to identify any FOIA request submitted to the Department itself[2] or provide any factual basis to support a claim under FOIA.

**I.    Any Claims Against the Department are Moot.**

The Court should dismiss the remaining Defendant, the Department, because any and all claims against the Department are moot. The Department was named in the Complaint solely due to its relationship with the U.S. Coast Guard—i.e., U.S. Coast Guard being a component of the Department. *See* Compl (ECF No. 1) at 3. The parties, however, filed a voluntary dismissal dismissing all claims with prejudice against the U.S. Coast Guard and therefore, the claims against

---

[2]    The Department of Homeland Security has a decentralized system for processing requests, with each component handling requests for its records 6 C.F.R. § 5.1(c).

the Department plainly are moot. This is, because the Court's jurisdiction under the Constitution extends only to actual, ongoing controversies, the Court may not decide cases where the issues presented are no longer live. *Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019) ("[A] case is moot if intervening events make it impossible to grant any effectual relief or if a party has already obtained all the relief that it has sought." (citations omitted)). Here, there no longer is a live controversy between the Plaintiff and the Department, and the Court can grant no meaningful relief. Accordingly, the Court should dismiss this case for a lack of jurisdiction.

## II. Plaintiff Fails to Sufficiently Plead a FOIA Claim Against the Department.

Even if the Court determines that there is a live controversy, which there is not, Plaintiff's Complaint fails to state a claim against the Department. Plaintiff's Complaint should be dismissed because Plaintiff fails to meet the applicable pleading standard described in *Twombly* and *Iqbal*. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555. Rule 12(b)(6) authorizes parties to challenge the sufficiency of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

In this case, Plaintiff purports to bring an action under FOIA, but his Complaint is devoid of any factual basis to support a claim under FOIA against the Department. The Complaint fails to identify any request made directly to the Department or otherwise any other component of the Department besides the U.S. Coast Guard. *See generally* Compl. (ECF No. 1). And the only relevant allegation in the Complaint merely claims that the U.S. Coast Guard is a component of the Department. *See id.* Without more factual details, Plaintiff has failed to provide any notice to the Department of a claim against it. Therefore, because Plaintiff's Complaint fails to provide any facts relating to a FOIA request submitted to the Department, or adequately explain why Plaintiff

is entitled to relief against the Department, as is required under Rule 8, the Court should dismiss Plaintiff's Complaint for failure to state a claim for which relief can be granted.

## CONCLUSION

For these reasons, the Court should grant the Department's motion and dismiss any and all claims against the Department.

Dated: March 17, 2025

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:       */s/ Stephanie R. Johnson*
    STEPHANIE R. JOHNSON,
      DC Bar # 1632338
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-7874
    Stephanie.Johnson5@usdoj.gov

*Attorneys for the United States of America*